UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL TATLOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. 3:05-CV-811 AS |
| v. ) | |
| ) | |
| GENE ISAACS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

Michael Tatlock, an inmate confined at the Cass County Jail, submitted a complaint under 42 U.S.C. § 1983, alleging that he was denied adequate conditions of confinement. The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. *Weiss v. Colley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Tatlock seeks damages for conditions of confinement at the Cass County Jail while he was held there as a pretrial detainee. The Eighth Amendment protects convicted prisoners from cruel and unusual punishments. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979); *Robinson v. Moses*, 644 F.Supp. 975 (N.D. Ind. 1986). The rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, *Bell v. Wolfish*, 441 U.S. at 535 n. 16. But "[a]n act or practice that violates the eighth amendment also violates the due process rights of pretrial detainees." *Martin v. Tyson*, 845 F.2d 1451, 1457 (7th Cir. 1988). A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991).

Mr. Tatlock alleges that on October 20, 2005, he was placed in medical isolation after being diagnosed with shingles. He was in the isolation room for six days, from October 20, 2005 through October 26, 2005. He says while in isolation the only thing he received was food. He was allowed only one shower, not allowed to clean his cell, had bag meals for dinner, wasn't allowed a change of clothes or blanket, wasn't seen by a doctor, was not allowed recreation, wasn't allowed to order commissary, and could only watch television once for two hours.

## CONDITIONS OF CONFINEMENT

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's

actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. at 834. The Eighth Amendment requires that prison officials ensure that inmates receive adequate food, clothing, and shelter, *Farmer,* at 832, but conditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of Constitutional violations. *Adams v. Pate*, 445 F.2d 105, 108-109 (7th Cir. 1971).

Mr. Tatlock alleges that he was allowed only one shower, not allowed to clean his cell, had bag meals for dinner, wasn't allowed a change of clothes or blanket, wasn't seen by a doctor, was not allowed recreation, wasn't allowed to order commissary, and could only watch television once for two hours. Complaint at 3, docket # 1. Mr. Tatlock says he was in isolation because he has shingles, a contagious disease. Though he alleges that the conditions while he was in medical isolation for six days were unpleasant, they did not deny Mr. Tatlock the minimal civilized measure of life's necessities and they did not violate his Constitutional rights.

For the foregoing reasons, the court **DISMISSES** this complaint pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS SO ORDERED.**

**ENTERED**: April 4, 2006

S/ ALLEN SHARP
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**